### IN RE DANIEL L. ET AL.*
### (AC 30084)

Bishop, Alvord and Borden, Js.

Argued March 15—officially released April 13, 2010

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*David B. Rozwaski*, for the appellant (respondent father).

*Colleen B. Valentine*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent, the father of two minor children, Daniel L. and Diamond L., appeals from the judgments of the trial court terminating his parental rights as to the children.[1] In substance, he claims that two of the court's critical findings are clearly erroneous. Those two findings are that (1) he failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the ages and needs of the children, he could assume a responsible position in their lives, and (2) the termination of his parental rights was in the children's best interests. See General Statutes § 17a-112 (j) (2) and (3) (B). We affirm the judgments of the trial court.

Our scope of review of such findings is well settled. Such findings must stand unless they are clearly erroneous. *In re Shaun B.*, 97 Conn. App. 203, 209–10, 903

---

[1] The court also terminated the parental rights of the children's mother. Because she has not appealed, we refer in this opinion to the respondent father as the respondent.

A.2d 246 (2006) (finding of lack of rehabilitation); *In re Tyscheicka H.*, 61 Conn. App. 19, 26–27, 762 A.2d 916 (2000) (finding that termination in best interest of child). The court found that the petitioner, the commissioner of children and families, had established both factors by clear and convincing evidence. We have considered the thorough and well reasoned decision of the court in light of the claims of the respondent, as well as the entire record, and conclude that there was abundant evidence to support the critical factual determinations of the court.

The judgments are affirmed.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.